# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV241-T
## (3:91CR168, 3:91CR169, 1:91CR158-T)

| | |
|---|---|
| MARC STEVEN CRAIG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER OF DISMISSAL** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed June 9, 2008. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 11, 1991, the Petitioner was charged in two separate two-count bills of indictment. The first indictment charged Petitioner with bank robbery in violation of 18 U.S.C. § 2113(a) and bank larceny in violation of 18 U.S.C. § 2113(b). **Bill of Indictment, Criminal No. 3:91CR168, filed September 11, 1991**. The second indictment charged Petitioner with bank robbery in violation of 18 U.S.C. § 2113(a) and armed bank robbery in violation of 18 U.S.C. § 2113(d). **Bill of Indictment, Criminal No. 3:91CR169, filed September 11, 1991**. Later, on November 7, 1991, Petitioner was charged in a Bill of Information with bank robbery in violation of 18 U.S.C. § 2113(a). **Bill of information, Criminal No. 1:91CR158, filed November 7, 1991**. On November 7, 1991, Petitioner entered into a plea agreement with the Government whereby he agreed to plead guilty to Count One in cases 3:91CR168 and 169 ("the Charlotte cases") and to the bill of information in case 1:91CR158 ("the Asheville

case") in exchange for the Government's dismissal of the remaining charges contained in the Charlotte cases.  **Plea Agreement, filed November 7, 1991**.  The Court consolidated the two Charlotte cases and the Asheville case.  **Order, filed November 18, 1991**.  On November 21, 1991, U.S. District Court Judge Robert D. Potter conducted a Plea and Rule 11 hearing.  On January 28, 1992, Judge Potter held a hearing to determine the factual basis for Petitioner's plea and a sentencing hearing.  Judge Potter concluded that there was a factual basis to support Petitioner's plea and imposed a sentence of 78 months imprisonment followed by three years of supervised release.  The Court also granted the Government's motion to dismiss the remaining counts of the indictments in the Charlotte cases.  **Judgment in a Criminal Case, filed January 28, 1992.**  The Petitioner filed an appeal [1] and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on February 8, 1993, in a published opinion.  ***United States v. Craig*, 985 F.2d 175 (4th Cir. 1993).**  The Fourth Circuit issued its mandate on March 1, 1993.  **Mandate, filed**

---

[1] Petitioner appealed the Court's Order denying his motion to withdraw his guilty plea which the Fourth Circuit construed as a direct appeal of his criminal case.  Specifically, Petitioner alleged that his motion to withdraw his guilty plea should have been granted because his counsel was ineffective.

**March 1, 1993**. Petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation applies to a motion under this section.

The limitation period shall run from the latest of-

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented form making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255**.

5

## III. DISCUSSION

Petitioner filed his motion on June 9, 2008, over 16 years after the judgment was entered and 11 years after his case became final for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] Petitioner argues that "under § 2254 ¶ 6(4) the facts presented in support of this motion could not have been previously known or presented with due diligence." **Motion to Vacate, at 12**. Yet, Petitioner does not articulate what facts were not previously known to him that have suddenly come to light. Petitioner's motion also includes claims of ineffective assistance of counsel and a claim challenging the voluntariness of his plea.[3] And, Petitioner claims he is actually innocent of the charges contained in the indictments.

---

[2] The AEDPA was enacted on April 24, 1996, which also begins the limitations period for cases that became final before the AEDPA's effective date. *See Harris v, Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Therefore, absent any tolling of this period, Petitioner had until April 24, 1997, in which to file a motion pursuant to § 2255. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

[3] The Fourth Circuit specifically held that Petitioner's counsel was not ineffective and this Court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea. *Craig, supra*, at 178-80.

First, Petitioner pled guilty to the charges herein and the Fourth Circuit affirmed Petitioner's conviction and sentence.  Next, Petitioner does not present any new evidence which would tend to demonstrate that no reasonable juror would convict him in light of this new evidence not presented at trial.  **Calderon v. Thompson, 523 U.S. 538, 559 (1998)**.  Indeed, nothing in Petitioner's motion suggests his actual innocence.[4]  Not only are Petitioner's claims clearly without merit, his motion comes 11 years after his case has become final.  Further, Petitioner does not articulate what new facts have been discovered that would support the claims in his motion to vacate.  Therefore, because Petitioner's motion to vacate is time-barred, it must be dismissed.  **See United States v. Hardy, 156 F. App'x 568 (4th Cir. 2005) (affirming dismissal of time-barred § 2255 motion).**

---

[4] Interestingly, the Court notes that Petitioner also filed motions to vacate his bank robbery convictions in Tennessee and Florida, where he also pled guilty, alleging that he is actually innocent of those convictions as well.  **See Civil No. 2:08CV56, filed in Eastern District of Tennessee; Civil No. 6:08CV923, filed in Middle District of Florida.**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** as untimely.

Signed: July 1, 2008

Lacy H. Thornburg
United States District Judge